IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Nancy Hawkins ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 1:05cv540- W |
| ) | |
| Dale Medical Center ) | |
| ) | |
| Defendant. ) | |

## ANSWER

COMES NOW, Dale Medical Center, Defendant in the above-styled action and responds to Plaintiff's Complaint as follows:

1.  Admit that Plaintiff brings this action pursuant to the referenced statutes; Deny that Defendant violated any of the statutes.

2.  Admit that venue is proper, but deny that Defendant committed any of the acts alleged or violated any law.

3.  Admit.

4.  Admit that Dale Medical Center does business in Ozark, Dale County, Alabama. With respect to the remaining averments of this paragraph, deny.

5.  Admit that Plaintiff was employed by Dale Medical Center in Ozark, Dale County, Alabama as a Social Worker. With respect to the remaining averments of this paragraph, deny.

6.  Admit that Plaintiff was given multiple Action Plans which required that she address specific deficiencies in her performance. With respect to the remaining averments of this paragraph, deny.

7.  Deny.

8. Admit that Plaintiff is sixty-one (61) years old. With respect to the remaining averments of this paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of these averments and on that basis denies same and demands strict proof thereof.

9. Deny.

10. Deny.

11. Admit that Plaintiff was terminated because of her unsatisfactory work. With respect to the remaining averments of this paragraph, deny.

12. Admit.

13. Defendant does not have sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph and on that basis denies same and demands strict proof thereof.

14. Deny.

15. Deny.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, or alternatively, portions thereof, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any factual assertions or allegations made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

**THIRD DEFENSE**

Defendant did not engage in any discriminatory, harassing or unlawful conduct toward Plaintiff.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims are barred because Defendant has at all times acted reasonably and in good faith toward Plaintiff.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred because Defendant has not acted with malice.

**SIXTH DEFENSE**

Defendant's conduct toward and treatment of Plaintiff was at all times based upon legitimate non-discriminatory factors.

**SEVENTH DEFENSE**

Plaintiff cannot prove any discriminatory conduct by Defendant; alternatively, even if Plaintiff could prove discriminatory conduct by Defendant (which Plaintiff cannot), Defendant would have taken the same actions based upon legitimate, non-discriminatory reasons.

**EIGHTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, no such decisions or actions were motivated by any impermissible factors.

**NINTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Defendant was found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, Defendant would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factors.

**TENTH DEFENSE**

Some or all of Plaintiff's claims are barred because Defendant maintained, disseminated and enforced a clear policy against harassment and/or discrimination establishing reasonable and effective means of reporting and seeking relief from conduct believed to be harassing and/or discriminatory and because Defendant acted in accordance with this policy at all times.

**ELEVENTH DEFENSE**

Some or all of Plaintiff's claims are barred because Plaintiff failed to make a timely internal report concerning some or all of the harassment, discrimination and/or retaliation claims alleged in the Complaint.

**TWELFTH DEFENSE**

Even if any alleged harassment, discrimination and/or retaliation occurred, which Defendant denies, some or all of Plaintiff's claims are barred to the extent she failed to put Defendant on notice of the alleged misconduct in a timely manner, and thus failed to provide Defendant a reasonable opportunity to remediate.

**THIRTEENTH DEFENSE**

Defendant exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior.

## FOURTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## FIFTEENTH DEFENSE

There is no causal relation between the acts of Defendant and any injury or damage allegedly suffered by Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff is unable to establish a prima facie case of discrimination.

## SEVENTEENTH DEFENSE

Defendant did not engage in any willful violation of any law, and Defendant did not act with malice or with reckless indifference to the federally protected rights of Plaintiff.

## EIGHTEENTH DEFENSE

Plaintiff has failed to mitigate her alleged damages.  Alternatively, even if Plaintiff could show that she has mitigated her alleged damages, any income Plaintiff has earned or had the potential of earning since the challenged decision reduces the amount of Plaintiff's claimed damages.

## NINTEENTH DEFENSE

Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure, therefore, she is barred from any recovery of special damages.

### TWENTIETH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### TWENTY-FIRST DEFENSE

Plaintiff is due none of the relief requested.

### TWENTY-SECOND DEFENSE

Some or all of Plaintiff's claims are or may be barred by the doctrines of consent, waiver, estoppel, justification, laches, and/or unclean hands.

### TWENTY-THIRD DEFENSE

All of Defendant's actions toward Plaintiff were based upon reasonable factors other than age.

### TWENTY-FOURTH DEFENSE

Defendant affirmatively states that all its actions were taken in good faith.

### TWENTY-FIFTH DEFENSE

Even if one of Defendant's employees acted inappropriately towards Plaintiff (which Defendant denies), such action is contrary to Defendant's good faith efforts to comply with the ADA and Plaintiff is not entitled to punitive damages.

### TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs or expenses.

### TWENTY-SEVENTH DEFENSE

Defendant affirmatively avers that any claims of Plaintiff that arose more than 180 days prior to the filing of her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) are barred for failure to meet the conditions precedent

to bringing this action. Moreover, any claims outside the scope of a reasonable investigation of that Charge of Discrimination is likewise barred.

## **TWENTY-EIGHTH DEFENSE**

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence, and it reserves the right to amend this Answer to state such defenses.

Respectfully Submitted,

s/Albert L. Vreeland, II_____<br>
Albert L. Vreeland, II<br>
Jennifer L. Howard

OF COUNSEL:
LEHR MIDDLEBROOKS PRICE & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Banks T. Smith, Esq.
        Hall & Smith
        P. O. Box 1748
        Dothan, Alabama 36302

        Respectfully submitted,


        s/Albert L. Vreeland, II
         Albert L. Vreeland, II

135660.doc