

PLAINTIFF'S EXHIBIT "3"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NANCY HAWKINS, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. _____ |
| DALE MEDICAL CENTER, et als. | * | |
| Defendant. | * | |

## AFFIDAVIT OF BARBARA J. TODD-FLOYD

Before me, the undersigned notary public in and for said county and state, personally appeared Barbara J. Todd-Floyd, who being known to me and being duly sworn, deposes on oath and states as follows:

My name is Barbara J. Todd- Floyd and I am over the age of nineteen years and am resident of Dale County, Alabama. This affidavit is based upon my personal knowledge and information.

I was employed with the New Day Senior Health Facility at Dale County Hospital from February, 2003 to September, 2004 as a registered nurse.

I am personally acquainted with the Plaintiff, Nancy Hawkins-Kahn, Sandra S. Fitzgerald and Jennifer Simmons during the time of my employment with that facility. In the early part of my employment, Sandra S. Fitzgerald was our supervisor. During the time she was our supervisor, Ms. Fitzgerald complained to me that Ms. Hawkins-Kahn was not getting certain work done, including something she referred to as a "Level I" report that had to be done before a patient could be discharged for return to the nursing home.

Based upon my time and experience there at the facility, the "Level I" report could not be done until you were aware a patient is ready for discharge, because of the constant changes in medication by physicians that would required these reports to be redone each time a medication was changed.

During my time of employment there, I saw Nancy Hawkins-Kahn had great difficulty in reading and writing due to her vision problems. Also, it was very difficult for her to use a computer because of her vision problems. I spoke personally with Ms. Hawkins-Kahn, in which she referred to a computer program that she had at her home that would be very helpful in allowing her to utilize the computers at work more easily. I personally spoke to Sandra Fitzgerald about purchasing that computer program on behalf of the Plaintiff, Ms. Hawkins-Kahn, but it was told by Ms. Fitzgerald that the hospital, " will not go for that financially," in which I responded, "If you don't ask they won't give it to you," in which Ms. Fitzgerald did not immediately respond, then looked at me and said, "Bobbie" and laughed.

I also know that Nancy Hawkins-Kahn produced documents for use at the work place with large letters during the course of her employment on her own to try to keep up her ability to complete her work. I also have been present when Nancy Hawkins-Kahn complained to Ms. Fitzgerald about her use of the computer and her difficulty in seeing it to which Ms. Fitzgerald simply responded she had trouble using it too.

Not only did Ms. Fitzgerald lose supervisory authority over the Plaintiff, but over all of the other employees in our department sometime in the January, 2004 time frame.

Ms. Simmons became angry with the Plaintiff, Nancy Hawkins-Kahn because of her inability to get reports done on time. It is my opinion that as Nancy Hawkins-Kahn had difficulty in getting those reports done based to a great extent on Ms. Hawkins-Kahn's inability

to effectively see, because of the computer limitations and the small print on the documents. In fact, there were occasions that Ms. Hawkins-Kahn had requested I look up the telephone numbers for her in the telephone book, in order to assist her and expedite her work.

It is my opinion that the major reason she was behind and had difficulty is simply because of the limitation of her vision and lack of proper computer programs and documents to assist her in her work.

On the date, Ms. Hawkins-Kahn was terminated, it is my opinion that things that were said and done by Ms. Simmons because she was angry for the failure of the "Level I" reports not being completed. Ms. Simmons further got angry at Ms. Hawkins-Kahn because of the social history documents that were not completed. The documents had multiple questions and were rather long and tedious to fill out in the smaller language form that Ms. Hawkins-Kahn had to do it in. Furthermore, because of confidentiality restrictions of these reports, Ms. Hawkins-Kahn could not take them home to work on, but had to be completed at the facility. From my knowledge and experience in working at the facility, a "Level I" report could not be done until we were aware that a patient was going to be discharged, because of the constant change of medications by physicians that would require a new "Level I" report each time. In fact, the problem with "Level I" reports being completed in a timely manner continued even after Ms. Hawkins-Kahn was terminated and had nothing to do with Ms. Hawkins-Kahn.

Further, Affiant sayeth not.

_____
BARBARA J. TODD-FLOYD, Affiant

STATE OF ALABAMA )

COUNTY OF HOUSTON )

    Before me, the undersigned notary public in and for said county and state, personally appeared BARBARA J. TODD-FLOYD, who being known to me and being duly sworn, deposes on oath and states that the above information is true and correct to the best of her information, knowledge and belief.

Dated this 12th day of April, 2006.

_____
NOTARY PUBLIC
My Commission Expires: 11/5/08