**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NANCY HAWKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | **1:05cv540 W** |
| | ) | |
| **DALE MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO STRIKE

Dale Medical Center ("Defendant") moves this Court to strike the opinion testimony of Barbara Todd-Floyd, on the grounds that it is inadmissible under Federal Rule of Evidence 701 and is not properly considered on summary judgment under Federal Rule of Civil Procedure 56(e). As grounds for striking this opinion testimony, Defendant shows as follows:

1.     In opposition to Defendant's Motion for Summary Judgment, Plaintiff submitted the Affidavit of Barbara Todd-Floyd, a former co-worker of Plaintiff. Plaintiff's Evidentiary Submission, PX 3.

2.     To be considered in opposition to summary judgment, affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. Pro. 56(e). Unless testifying as an expert, a witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue,

and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

3.    Floyd's Affidavit contains her personal opinions that 1) Plaintiff was terminated *because* her supervisor became angry about Plaintiff's failure to complete certain reports, and (2) that the "major reason" Plaintiff was behind on completing the reports was "*because* of the limitation of her vision and lack of proper computer programs and documents to assist her in her work." Floyd offers no factual basis for either these personal opinions.

4.    Floyd's unsupported opinion that Plaintiff was terminated because her supervisor became angry about Plaintiff's failure to complete certain reports is nothing more than speculation about someone else's intent. Plaintiff's supervisor, Jennifer Simmons, made the decision to terminate Plaintiff's employment, and she explained her reasons for termination, which went well beyond Plaintiff's failure to complete paperwork. (Defendant's Evid. Submission, Simmons Aff., ¶10). Floyd was not involved in the decision to terminate Plaintiff's employment. (Id.) As Floyd's opinion is clearly not based on personal knowledge or the witness' own observations, it is due to be stricken. *See Grady v. BellSouth,* 160 Fed. Appx. 863 (11th Cir. 2005) (holding co-worker's opinion as to the reasons plaintiff was not selected for promotion was inadmissible where there was no evidence that the co-worker had any input into the decision); *Johnson v. Scotty's, Inc.*, 119 F. Supp. 2d 1276, 1283 (M.D. Fla. 2000) (holding opinion of the plaintiff's co-worker as to manager's reasons for terminating the plaintiff's employment were inadmissible because the co-worker had no personal knowledge as to the reasons for the plaintiff's termination).

5.      Floyd's other opinion, that the "major reason" Plaintiff was behind on completing the reports was "because of the limitation of her vision and lack of proper computer programs and documents to assist her in her work," is similarly unsupported by any factual basis.  Floyd's opinion is mere speculation as to the reasons behind another person's performance problems.  The opinion cannot be rationally based on Floyd's perception, as it cannot take into account factors that are incapable of observation, such as Plaintiff's motivation, effort, and the extent of her visual impairment.  Moreover, the opinion directly contradicts Hawkins' own testimony that she was able to adequately complete certain types of reports despite her vision problems. (Plaintiff 34:8-35:8.).

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court to strike the opinion testimony in the Affidavit of Barbara Todd-Floyd, PX 3.

Respectfully Submitted,


s/Albert L. Vreeland II
Albert L. Vreeland, II ASB-0066-V78A

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Banks T. Smith, Esq.
> Hall, Smith, Prim & Freeman, P.A.
> P. O. Box 1748
> Dothan, Alabama 36302

Respectfully submitted,

s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008
E-mail: avreeland@lmpv.com
Bar No.: ASB-0066-V78A

152377