IN THE UNITED STATES DISTRICT COURT RECEIVED
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2006 MAY -3 A 9:52

| | | |
|---|---|---|
| NANCY HAWKINS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NUMBER: |
| | * | 1:05CV540 W |
| DALE MEDICAL CENTER, | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE

COMES NOW the Plaintiff, Nancy Hawkins, a/ka/ Nancy Hawkins-Kahn in the above-styled matter, by and though counsel, and hereby responds to Defendant's Motion to Strike the Plaintiffs Affidavit of Barbara Todd-Floyd on the grounds that Ms. Floyd was offered as a 701 witness as follows:

1.   Ms. Floyd's testimony is based on things she actually saw or heard or witnessed in her own person. Ms. Floyd was not offered as an expert, but simply as someone who was a co-worker who observed and heard things which were put forth in her Affidavit. It is within the context of Rule 701, "It is clearly within (a) rationally based on the perception of the witness; (b) helpful to clear understanding of the witness' testimony or determination a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." (Rule 701 FRE)

2.   Plaintiff would contend that Ms. Floyd's testimony follows exactly under that distinct definition as found in **Rule 701 of the Federal Rules of Evidence**. Her testimony is strictly limited to what she actually saw or heard and what she observed herself in regards to the Plaintiff's situation.

3.  The Fifth Circuit Court of Appeals in <u>U.S. v. Smith</u>, 550, F2d 277 (1977) stated "According to **Rule 701 of the Federal Rules of Evidence**, the opinions of lay witnesses may be introduced into evidence when those opinions are based on firsthand knowledge or observation of the witness and are helpful in understanding his testimony or in the determination of an issue of fact. The testimony in question was given by Mrs. Letha Walker. At the time of the trial, Ms. Walker was Youth Coordinator of CETA and has known Wallace sine his employment by CETA. Mrs. Walker had ample opportunity to observe Wallace in his position of Assistant Director and her testimony complied with the first requirement of **Rule 701**, that the opinion be based on personal observations. The requirement that the testimony facilitate an understanding of a factual issue is also satisfied since Wallace's knowledge of the CETA rules and regulations was a critical issue to be determined at trial."

Wallace further contends that the admission of Walker's opinion on this matter was improper since his knowledge related to an ultimate issue of fact. This argument has no merit under **Rule 704 of the Federal Rules of Evidence**, which reads: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because of it embraces an ultimate issue to be decided by the trier of fact"

The testimony of Ms. Walker was therefore admissible. (At 281)[1]

It's clear that Ms. Floyd's testimony falls in the same or similar category as that of the <u>U.S. v. Smith</u> case.

Plaintiff contends that the Defendant's Motion to Strike is due to be denied.

DONE this 28th day of April, 2006.

---

[1] The Eleventh Circuit Court of Appeals has adopted the case law of the former Fifth Circuit as its governing body of precedent. This precedent is binding unless and until or overruled or modified by the court en banc. Bonner City of Prichard, 661 F.2d 1206, 1206-11 (11th Cir. 1981) (en banc)

HALL, SMITH, PRIM & FREEMAN, P.A.


/s/ Banks T. Smith
BANKS T. SMITH (SMI 101)
Attorney for Plaintiff
P.O. Box 1748
Dothan, AL 36302-1748
334-793-3610
FAX 334-671-1843


### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by placing the same in the United States Mail, properly addressed and first class postage prepaid:

Albert L. Vreeland, II
Lehr, Middlebrooks, Price & Vreeland, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945

This the 28 day of April, 2006


/s/ Banks T. Smith
OF COUNSEL